UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOCTOR'S ASSOCIATES INC., | : | |
| | : | CASE NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MANOJ TRIPATHI and | : | |
| SADHANA TRIPATHI, | : | |
| | : | |
| Defendants. | : | APRIL 8, 2016 |

## PETITION TO COMPEL ARBITRATION

1. This is an action to compel arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4.

2. Plaintiff Doctor's Associates Inc. ("DAI"), the franchisor of SUBWAY® sandwich shops in the United States, is a Florida corporation with headquarters in Milford, Connecticut.

3. Upon information and belief, Defendants Manoj Tripathi and Sadhana Tripathi ("Defendants" or the "Tripathis") reside in, and are citizens of, California.

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332, because this is an action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391(a)(3) because this Court has personal jurisdiction over Defendants and, under 9 U.S.C. § 4, this is the only court that can compel arbitration in Connecticut. Defendants also agreed to the jurisdiction of this Court because, among other reasons, they agreed to arbitrate in Connecticut.

6. On or about November 15, 2001 (#25529), June 30, 2003 (#31901), December 29, 2005 (#39141), August 9, 2006 (#30170), January 8, 2007 (#41633), January 31, 2007 (#34021), September 30, 2008 (#45998), November 14, 2008 (#26140), June 2, 2009 (#31177), November 10, 2009 (#29141), and February 6, 2011 (#38953), DAI and the Tripathis entered into written franchise agreements (the "Agreements"), permitting the Tripathis to operate SUBWAY® restaurants in California. *See* Exhibits A-K. The Tripathis also entered into other franchise agreements with DAI, including one on or about December 13, 2012 (the "Superseding Agreement"). A copy of the Superseding Agreement is attached as Exhibit L. Paragraph 14 of the Superseding Agreement amended certain of the Agreements' provisions.

7. Each Agreement contains a dispute resolution clause requiring the parties to arbitrate any dispute or claim arising out of or relating to the Agreements in Connecticut. Exhibits A-L ¶10.

8. Defendants agreed that if they violated their obligation to arbitrate, they would be responsible for paying DAI's costs and legal fees. Exhibit L, ¶10(g).[1]

9. Defendants further agreed that DAI's "[a]ffiliates, shareholders, directors, officers, employees, agents and representatives, and their affiliates, shall not be liable nor named as a party in any arbitration or litigation proceeding commenced by [them] where the claim arises out of or relates to this Agreement" and that "the foregoing parties are intended beneficiaries of the arbitration clause; and that all claims against them that arise out of or relate to the Agreement[s] must be resolved with [DAI] through arbitration." They also agreed that if they "name[d] a party in any arbitration or litigation proceeding in violation" of the above, that they would "reimburse [DAI] for reasonable costs incurred, including but not limited to,

---

[1] Paragraph 14 of Exhibit L amends Paragraph 10 of Exhibits A-K. Accordingly, the version of Paragraph 10 in Exhibit L governs all of the Agreements despite possible different wording and subsection numbering and lettering in some of the earlier Agreements.

arbitration fees, court costs, lawyers' fees, management preparation time, witness fees, and travel expenses incurred by [DAI] or the party." Exhibit L, ¶10(d).[2]

10. On or about March 23, 2016, Defendants filed a lawsuit in California Superior Court, *Manoj Tripathi and Sadhana Tripathi v. Doctor's Associates Inc., et al.*, Case No: Civ-16-01056 (the "California State Court Lawsuit"). A copy of the Complaint in that lawsuit (the "California State Court Complaint") is attached as Exhibit M.[3] The California State Court Complaint names DAI and its agents, SUBWAY® Development Agent Chirayu Patel and his Development Agent Company, Letap Group, LLC, as defendants.

11. Paragraphs 16, 40, 43, 44, 47, 53, among others, of the California State Court Complaint make clear that the claims involve the Agreements. All of the allegations, on their face, arise out of and relate to the Agreements and are therefore subject to the arbitration clause. The Tripathis allege that their claims are "believed to exceed $1,000,000.00."[4]

12. By attempting to sue DAI and its agents in California, the Tripathis have failed, neglected and/or refused to arbitrate in accordance with the Agreements and have otherwise breached them.

13. DAI further puts the Tripathis on notice that, if they continue to threaten or pursue any claims or defenses relating to DAI's or its agents' conduct in the California State Court Lawsuit or otherwise except in arbitration, it reserves its right to ask the Court to enter an injunction restraining their wrongful conduct.

Wherefore, DAI requests that this Court enter an order pursuant to 9 U.S.C. § 4 directing the Tripathis to arbitrate their claims against DAI and its agents that they asserted or could have asserted in the California State Court Lawsuit pending arbitration of their dispute with DAI in

---

[2] *See* footnote 1.
[3] DAI has not yet been served.
[4] *See* Ex. M, California State Court Complaint, ¶42.

the manner provided in the Agreements' arbitration clauses and that the Court order the Tripathis, jointly and severally, to pay all of DAI's and its agents' costs, expenses, and attorneys' fees incurred in connection with compelling arbitration and in connection with the California State Court Lawsuit.

    A supporting memorandum of law accompanies this Petition.

        **PLAINTIFF**
        **DOCTOR'S ASSOCIATES INC.**


        By: */s/ Bethany L. Appleby*
            Bethany L. Appleby (ct18418)
            WIGGIN AND DANA LLP
            One Century Tower
            P.O. Box 1832
            New Haven, CT 06508-1832
            (203) 498-4400
            (203) 782-2889 fax
            bappleby@wiggin.com

            *Its Attorney*