UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOCTOR'S ASSOCIATES INC., | : | |
| | : | CASE NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MANOJ TRIPATHI and | : | |
| SADHANA TRIPATHI, | : | |
| | : | |
| Defendant. | : | APRIL 8, 2016 |

**MEMORANDUM OF LAW IN SUPPORT OF**
<u>**PETITION TO COMPEL ARBITRATION**</u>

**I.      Background Facts**

Plaintiff Doctor's Associates Inc. ("DAI") submits this memorandum of law in support of its Petition to Compel Arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4 (the "Petition" or "Pet."). DAI is the franchisor for SUBWAY® sandwich shops in the United States. On or about November 15, 2001 (#25529), June 30, 2003 (#31901), December 29, 2005 (#39141), August 9, 2006 (#30170), January 8, 2007 (#41633), January 31, 2007 (#34021), September 30, 2008 (#45998), November 14, 2008 (#26140), June 2, 2009 (#31177), November 10, 2009 (#29141), and February 6, 2011 (#38953), DAI and the Tripathis entered into written franchise agreements (the "Agreements"), permitting the Tripathis to operate SUBWAY® restaurants in California. *See* Exhibits A-K to the Petition. The Tripathis also entered into other franchise agreements with DAI, including one on or about December 13, 2012 (the "Superseding Agreement"). A copy of the Superseding Agreement is attached as Exhibit L to the Petition. Paragraph 14 of the Superseding Agreement amended certain of the Agreements' provisions. The Agreements contain dispute resolution clauses requiring the parties to arbitrate

any dispute or claim arising out of or relating to the Agreements in Bridgeport, Connecticut.  Pet. Exs. A-L ¶10.  The Tripathis agreed that if they violated their obligation to arbitrate, or if they named DAI's agents as parties, that they would be responsible for paying DAI's and its agents' costs, expenses, and attorneys' fees.  Pet. Ex. L, ¶10 (g).[1]

On or about March 23, 2016, the Tripathis filed a lawsuit against DAI and its agents, Chirayu Patel and Letap Group, LLC ("Letap"),[2] in California State Court in *Manoj Tripathi and Sadhana Tripathi v. Doctor's Associates Inc.*, et al. Case No: Civ-16-01056 (the "California State Court Lawsuit").  A copy of the Complaint in that lawsuit (the "California State Court Complaint") is attached as Exhibit M to the Petition.[3]  Paragraphs 16, 40, 43, 44, 47, 53, among others, of the California State Court Complaint make clear that the claims relate to and arise out of the Agreements. On their face, all of the Tripathis' claims indisputably arise out of or relate to the Agreements and are therefore subject to arbitration.  By suing in court and naming DAI's agents as defendants, the Tripathis further violated the Agreements and are now also responsible for paying all of DAI's and its agents' costs, expenses, and attorneys' fees incurred in connection with the Petition and the California State Court Lawsuit.

---

[1] Paragraph 14 of Pet. Ex. L amends Paragraph 10 of Pet. Exs. A-K.  Accordingly, the version of Paragraph 10 in Pet. Ex. L governs all of the Agreements despite different wording and subsection numbering in some of the earlier Agreements.

[2] Mr. Patel is the SUBWAY® Development Agent for the territory in which the Tripathis operate their restaurants. Letap is the company through which he operates his Development Agent business. Development Agents act as DAI's primary representatives in the field.  Among other things, they assist franchisees in selecting sites for SUBWAY® restaurants, assist franchisees in negotiating real estate leases, provide ongoing operational assistance, and conduct monthly restaurant evaluations.  Although they are not employees of the company, DAI routinely acknowledges that Development Agents are the company's agents and representatives.

[3] DAI has not yet been served.

2

**II.     Jurisdiction and Venue Properly Lie in this Court.**

The FAA does not create an independent basis for federal subject matter jurisdiction, *see Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000), *cert. denied*, 531 U.S. 1075 (2001), but this Court has diversity jurisdiction over this petition to compel arbitration. *See* 28 U.S.C. § 1332. DAI is a Florida corporation with a principal place of Connecticut; Defendants are individuals residing in California. Given the Tripathis' allegations and prayer for relief, which include a claim "believed to exceed $1,000,000.00",[4] the amount in controversy unquestionably exceeds the jurisdictional minimum of $75,000. *See Doctor's Assocs., Inc. v. Hamilton*, 150 F.3d 157, 160 (2d Cir. 1998) ("the amount in controversy in a motion to compel arbitration . . . is determined by the underlying cause of action that would be arbitrated").

Under the FAA, this Court also is the only district court that can compel arbitration in Connecticut, in accordance with the Agreement. Section 4 of the FAA, which by its terms allows a party seeking to enforce an arbitration agreement to file a petition to compel arbitration only in a "United States district court," provides that "the hearings and proceedings, under [an] arbitration] agreement ***shall be within the district in which the petition for an order directing such arbitration is filed***." 9 U.S.C. § 4 (emphasis added). Based upon this clear language, courts have held that an action to compel arbitration under the FAA may only be brought in the district where the arbitration agreement provides that arbitration will take place. *See, e.g., Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) (holding that Connecticut is a proper venue for motion to compel arbitration where arbitration clause required arbitration in Connecticut).

Here, the Agreements state that arbitration will occur in Bridgeport, Connecticut. This Court is the proper venue for this petition to compel arbitration.

---

[4] *See* Pet. Ex. M, California State Court Complaint, ¶42.

3

**III.     The FAA Requires Enforcement of the Franchise Agreement Arbitration Clause.**

The FAA makes arbitration agreements in contracts involving interstate commerce presumptively "valid, irrevocable and enforceable." 9 U.S.C. § 2. In a series of pronouncements, the Supreme Court has emphatically reaffirmed the staunch federal policy, expressed in the FAA, requiring rigorous enforcement of agreements to arbitrate. *See, e.g., CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665 (2012); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011); *Preston v. Ferrer*, 552 U.S. 246 (2008); *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681 (1996); *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995); *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265 (1995).

The Supreme Court and the Second Circuit have repeatedly held that the strong federal policy favoring arbitration extends to matters of contract construction. "The [FAA] establishes that as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. . . . " *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*, 307 F.3d 24, 29 (2d Cir. 2002). Thus, "federal policy requires [courts] to construe arbitration clauses as broadly as possible . . . [and to] compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 19 (2d Cir. 1995) (internal quotation marks and citation omitted).

The presumption in favor of arbitrability is particularly applicable when the arbitration clause is broadly worded. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986); *see also JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 172 (2d Cir. 2004) ("[W]here the arbitration clause at issue is a broad one, it is presumptively applicable to disputes" that "aris[e] under" or are "in connection with" the agreement). "In determining whether a particular claim falls within the scope of the parties' arbitration agreement" this Court

4

must "focus on the allegations underlying the claims" and if those allegations "touch matters covered by the parties' [agreements], then those claims must be arbitrated, whatever the legal labels attached to them." *Id*. (internal quotations marks and citation omitted).

Here, the arbitration clause encompasses "any dispute or claim arising out of or relating to this Agreement . . ." *See* Pet. Ex. L, ¶10.[5]  The Second Circuit has held that a similar arbitration clause represents the "paradigm of a broad clause" to which the presumption in favor of arbitrability applies with great strength.  *See Collins*, 58 F.3d at 20.  Moreover, the Second Circuit has repeatedly affirmed this Court's rejection of claims that the DAI Franchise Agreement is unenforceable because it is "unconscionable." *See, e.g., Hamilton,* 150 F.3d at 163-164; *Doctor's Assocs. Inc. v. Distajo*, 107 F.3d 126, 135; *Doctor's Assocs., Inc., v. Jabush*, 89 F.3d 109, 112-113 (2d Cir. 1996); *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 980-81 (2d Cir. 1996).

There can be no dispute that the Tripathis' claims in the California State Court Lawsuit "arise out of" and "relate to" their Agreements with DAI.  Thus, they clearly fall within the scope of the broad arbitration clause in the parties' Agreements and must be arbitrated.

**IV.     Conclusion**

For the foregoing reasons, DAI respectfully asks the Court to grant its Petition and to order the Tripathis to pay the costs, expenses, and attorneys' fees incurred in connection with the Petition and the California State Court Lawsuit.[6]

---

[5] *See* footnote 1.
[6] DAI will promptly submit affidavits of costs and attorneys' fees after the Court rules on this request.

**PLAINTIFF**
**DOCTOR'S ASSOCIATES INC.**

By: */s/ Bethany L. Appleby*
     Bethany L. Appleby (ct18418)
     WIGGIN AND DANA LLP
     One Century Tower
     P.O. Box 1832
     New Haven, CT 06508-1832
     (203) 498-4400
     (203) 782-2889 fax
     bappleby@wiggin.com