UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOCTOR'S ASSOCIATES INC., <br><br> Plaintiff, <br><br> v. <br><br> MANOJ TRIPATHI and <br> SADHANA TRIPATHI, <br><br> Defendants. | CASE NO.: 3:16-cv-00562-JCH <br><br> Hon. Judge Janet C. Hall <br><br> September 1, 2016 |

**DEFENDANTS' REPLY RE MOTION TO DISMISS, ABSTAIN, AND/OR TRANSFER.**

I. **DAI concedes that disputes over the Connecticut judgments are not arbitrable.**

DAI concedes that challenges to the Connecticut judgment are not arbitrable. Opp. p. 6. DAI contends that such a challenge may only be raised in defense to the judgment enforcement action. But California law is otherwise. Yu v. Signet Bank/Virginia, 69 Cal. App. 4th 1377, 1393, 82 Cal. Rptr. 2d 304, 315 (1999). Because the FAA does not authorize federal courts to intervene in sister state judgment proceedings, the Court should deny the Petition in part.

II. **DAI's Petition is admittedly not directed to the Tripathis' claim for injunctive relief over unauthorized arbitrations.**

DAI contends the Petition "does not arise" from "ongoing arbitrations between the parties." Opp. 7. That position is fine with the Tripathis – their Complaint seeks to enjoin such unauthorized arbitrations. Compl. ¶ 44. DAI's Petition then should be denied to that extent. Moreover, DAI is wrong that challenges to unauthorized arbitrations are only possible in the arbitration itself or when moving to vacate the award. Opp. 7. BHP Billiton Petroleum (Americas) Inc. v. Atlantia Offshore Ltd., 312 S.W.3d 813, 821 (Tex. App. 2009). The

1

California court has power to enjoin DAI from proceeding with unauthorized arbitrations. Finally, the FAA does not require such challenges to be made in federal court because state courts have jurisdiction in FAA cases where no independent basis for federal jurisdiction exists.

### III.     The Tripathis' California challenge to the arbitration award is permissible.

DAI is wrong that the Complaint impermissibly attacks the arbitration award. Opp. p. 8-9. That might be true if the award was not invalid ab initio. But here, DAI must concede that the required arbitrator did not preside and that under the FAA, "one condition that must be followed for an arbitration proceeding to be valid under the FAA is employment of the agreed upon arbitrator." Bank of America, N.A. (USA) v. Dahlquist, 336 Mont. 50, 53-54, 152 P.3d 718, 720-721 (2007), emphasis added ("where the arbitration does not follow the format provided for in the arbitration agreement, the arbitration award is invalid ab initio ..."); PoolRe Ins. Corp. v. Organizational Strategies, Inc., 783 F.3d 256, 263–64 (5th Cir. 2015) ("awards made by arbitrators not appointed under the method provided in the parties' contract must be vacated.") Such awards and judgments rendered without jurisdiction are subject to both direct and collateral attack at any time. Broaca v. Broaca, 181 Conn. 463, 435 A.2d 1016 (1980); Becker v. S.P.V. Constr. Co., 27 Cal. 3d 489, 493, 612 P.2d 915, 917 (1980) ("Collateral attack is proper to contest (a judgment void on its face for) lack of personal or subject matter jurisdiction or the granting of relief which the court has no power to grant." Neither Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 205 F.3d 906 (6th Cir. 2000) nor the other cases DAI cites deal with an arbitration award invalid ab initio.

### IV.     The Tripathis Are Not Estopped To Attack ADRC Authority.

The Tripathis' minimal participation in the arbitration does not create an estoppel. Opp. pp. 10-11. Cty. Of Summit v. City Of Cuyahoga Falls, 2004-Ohio-1879, ¶ 11 did not involve the FAA or an unauthorized arbitration provider. There, both parties unequivocally submitted the issues raised in the complaint to the arbitrators. Wolfer v. Microboards Mfg., LLC, 654 N.W.2d

2

360, 365 (Minn. App. 2002) did not involve the FAA but rather Minnesota's arbitration statute expressly barring challenges not preserved in arbitration. (Minn. Stat. Ann. § 572B.23). Here, the FAA has no such provision. Green v. Connecticut Disposal Serv., Inc., 771 A.2d 137, 144–45 (Conn. App. 2001) supports the Tripathis. After the defendant guarantors lost in arbitration, they moved to vacate the award because they were not parties to the arbitration agreement. The court found an estoppel where the guarantors had previously told the court they wanted to arbitrate. The Green court held that for an estoppel "the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done" and there "must generally be some intended deception in the conduct or declarations of the party to be estopped..." Id. at 144-145; accord Granite States Ins. Co. v. Smart Modular Techs., 76 F.3d. 1023, 1028 (9th Cir. 1996) (similar elements of estoppel under California law.)

Estoppel is not properly applied here. The Tripathis did nothing that caused DAI believe certain facts were true, to act on such facts, change its position or to deceive DAI. Nor did they represent to anyone that they wanted to arbitrate. Here, the Tripathis were unaware ADRC was the wrong provider until they secured legal counsel. Tripathi Dec., ¶¶ 11, 12, 14. The Tripathis felt they had no choice but to participate in some level in the arbitration. Id. ¶ 14. If anything, DAI should be estopped. DAI deceived the Tripathis when it knowingly demanded arbitration from an unauthorized arbitration provider. DAI intended that the Tripathis rely upon that demand as legitimate in responding to the arbitration proceedings. The Tripathis were ignorant of true facts and were injured by having an unauthorized provider determine the matter under unauthorized rules.

DAI is also wrong on waiver. Opp. 11. "Waiver involves an intentional relinquishment of a known right" and there "cannot be a finding of waiver unless the party has both knowledge of the existence of the right and intention to relinquish it." J. Wm. Foley, Inc. v. United Illuminating Co., 158 Conn.App. 27, 44, 118 A.3d 573, 584 (Conn. App. 2015); DRG/Beverly

Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd., 30 Cal.App.4th 54, 60, 35 Cal. Rptr. 2d 515, 518 (1994) (same). Here, the Tripathis were unaware ADRC was unauthorized.

### V.     The Court should dismiss based on lack diversity.

Relying on cases involving arbitration agreements whose terms are not even before the Court, DAI argues that Patel and Letap are not indispensable. Opp. 12-18. None involved DAI asking the Court to compel a franchisee to arbitrate against the development agent (DA) (Petition p. 3) but then stating the DAs "would not be parties to any arbitration." Opp. 14. Among other claims against Patel/Letap, the Tripathis seek a declaration that the provisions in the arbitration agreement exculpating Patel/Letap from liability are unenforceable. Compl. ¶ 64e. Patel and Letap are clearly necessary and indispensable parties to such an action.

Doctor's Associates, Inc. v. Hamilton, 150 F.3d 157, 161 (2d Cir. 1998) did not seek arbitration against non-diverse parties and there was "no claim, nor do we perceive any basis for a claim, that either McClain or Stocklin, defendants in the parallel state action, are indispensable parties to the petition to compel arbitration." Id. at 161. Here, the Tripathis have made the argument. Similarly, Doctor's Associates, Inc. v. Distajo, 66 F.3d 438, 446 (2d Cir. 1995) did not involve DAI seeking an order compelling arbitration with a DA. "A district court should not consider the citizenship of strangers to the arbitration contract, since they are not "parties" to the suit arising out of the controversy within the meaning of the FAA. Id. But here, Patel and Letap are not such strangers. Doctor's Associates Inc. v. Zuchowski, Case No. 3:12-cv-00195, pp. 12-14 (JCH) (D. Conn. July 2, 2012) did not confront the issue here, where DAI seeks to compel arbitration of claims against the DA but does not name them as a parties. In the context of Zuchowski, this Court's finding on indispensability was correct. But this case is distinguishable because 1) the Tripathis have challenged the arbitration clause (and embedded exculpatory provisions) as to all of DAI, Patel, and Letap and 2) DAI has affirmatively sought to compel arbitration on its own behalf <u>and</u> on behalf of Patel and Letap. As to the first matter, complete declaratory relief, both what the Tripathis request (invalidating the agreement, in whole in part,

as to Patel/Letap) and the relief DAI requests (compelling the Tripathis to arbitrate with Patel and Letap) cannot (and should not) be granted in the absence of Patel and Letap.

This Court has observed, "a contracting party is the paradigm of an indispensable party." Travelers Indem. Co. v. Household Int'l, Inc., 775 F.Supp. 518, 527 (D.Conn.1991). In Fluent v. Salamanca Indian Lease Auth., 928 F.2d 542, 547 (2d Cir. 1991), the Second Circuit stated "[n]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." Id. at 547, citation omitted, emphasis added. Thus, the district court in Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 862 F. Supp. 995, 1003-04 (W.D.N.Y. 1994) held "[t]here can be no doubt that the [Tonawanda Band] qualifies under Rule 19(a) as an indispensable party to these claims for declaration of the parties' rights and obligations under the franchise agreement." Id. at 1003, citation and internal quotes omitted.

The arbitration agreement (AA) is directly at issue as to DAI, Patel, and Letap. Both here and in the California action, the Tripathis seek a specific determination of rights vis-à-vis Patel and Letap and an order invalidating the embedded exculpatory provisions and the entire arbitration agreement.[1] Determination of these issues will affect Patel, Letap and the Tripathis. Further, DAI's Petition effectively seeks a declaration that the arbitration provision is applicable to Patel and Letap. DAI argues that the AA does not exculpate Patel and Letap, Opp. 4, but remarkably concludes that Patel/Letap "would not be parties to any arbitration proceeding." Id. California law provides that all "contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." Cal. Civ. Code § 1668, emphasis added. Thus, arbitration clauses may not be used as

---

[1] Complaint ¶ 46.d. This factor favors finding Patel and Letap indispensable. Moreover, "the Federal Arbitration Act, 9 U.S.C. Sec. 2 does not bar a state court [from] examining exculpatory provisions [for unconscionability] …merely because the prohibiting or limiting provisions are part of or tied to provisions in the contract relating to arbitration." State ex rel. Dunlap v. Berger, 211 W. Va. 549, 564, 567 S.E.2d 265, 280 (2002).

exculpatory mechanisms.[2]

DAI's assertion that there is "no risk that the Tripathis will not be fully compensated," Opp. 16, is naked and irrelevant. Here, Patel/Letap must be held to account for their alleged tortious actions. Tort law's goal is compensation and deterrence. Lange v. Penn Mut. Life Ins. Co., 843 F.2d 1175, 1181 (9th Cir. 1988) ("The basic policies underlying the field of tort law are to provide compensation…and to deter wrongful intentional conduct… [Citation]"). Patel and Letap could not be deterred if they are immune from legal process. Further, the Tripathis seek more than compensation from Patel/Letap, they seek declaratory and injunctive relief. Complaint ¶ 46.d. Statutory injunctive relief is sought against Patel/Letap's unlawful business practices. Complaint ¶ 68-72. These factors favor finding Patel and Letap indispensable. DAI is also wrong that a California court could not order arbitration in Connecticut. Opp. 17. A "petition to compel arbitration is simply a suit in equity seeking specific performance of that contract. [Citations.]'  Giuliano v. Inland Empire Pers., Inc., 149 Cal. App. 4th 1276, 1284, 58 Cal. Rptr. 3d 5, 11 (2007). There is no bar if that provision is enforceable.

Finally, DAI argues that the "look through" approach of Vaden v. Discover Bank, 556 U.S. 49 (2009) is quite narrow. Opp. 17. Not true. Last month, the Second Circuit, based on Vaden, overruled its own precedent and held the district court could "look through" an FAA petition to determine if the underlying dispute involved questions of federal law sufficient to confer jurisdiction. Doscher v. Sea Port Group Securities, LLC, 15-2814, 2016 WL 4245427 (2d Cir. Aug. 11, 2016). Accordingly, this Court may look through the Petition to the underlying dispute to determine the real parties to the dispute and whether jurisdiction exists.

## VI. DAI is wrong that Colorado River does not apply.

Here, where the Tripathis have challenged arbitrability head on with claims for

---

[2] Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 628, 105 S.Ct. 334, 687 L.Ed.2d 444  (1985) ("[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial forum."). Under § 1668, the Tripathis have a substantive statutory right to have the exculpatory contract set aside as to Patel and Letap.

declaratory relief vis-à-vis present and absent parties, Colorado River parallelism exists. DAI's unanalyzed string cites are unhelpful. Opp. 20. Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 303-04 (3d Cir. 2009) supports abstention. In that case, a complicated insurance dispute, the court applied the Colorado River factors and noted that "The circumstances presented in *Moses H. Cone* are analogous to those before us. While not all parties in the ACE Action are covered by the arbitration agreement between Nationwide and Hamilton, and enforcement of the arbitration agreement may result in separate adjudications, that is an insufficient basis for the District Court to decline jurisdiction." Id. at 309, emphasis added. Here, the Tripathis seek a declaration not only regarding DAI but also Patel and Letap, who are covered by the arbitration clause but are not present before the court.

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (U.S. 1983) is on balance favorable to the Tripathis. Moses Cone recognized that the Colorado River doctrine could apply in arbitration cases. In Moses Cone, there was no res or property at issue. Id. at 20. Here, there are leaseholds, fixtures, and equipment at issue over which the California court has jurisdiction. In Moses Cone, there was no contention that the federal forum was less convenient. Ibid. Here, the Tripathis have made such contentions. As in Nationwide, Moses Cone involved parties that clearly were not bound by the arbitration provisions. Unlike Moses Cone, at issue here is arbitrability as well as enforceability of certain exculpatory provisions as they relate both to parties to the Petition (DAI) and non-parties (Patel and Letap). The piecemeal litigation that the Tripathis seek to avoid is over the enforceability of the arbitration scheme and exculpatory provisions as to DAI, Patel, and Letap. None of the cases cited by DAI address that specific issue. But Courts that have considered the issue have found parallelism.

> Because this federal case (presenting only arbitrability issue) is subsumed in the State Case (presenting arbitrability issue plus other property damage claims), this requirement is met. That is, if this Court stayed the case based on the *Colorado River* doctrine, there would be nothing further for the federal court to do following conclusion of the State Case. In addition, the weight of authority

7

> indicates that the overlap of the arbitrability issue renders the state and federal cases sufficiently parallel to consider the *Colorado River* factors. *See Bank One N.A. v. Boyd*, 288 F.3d 181 (5th Cir.2002) (addressing *Colorado River* factors where only common issue between state and federal proceedings was whether to enforce arbitration provision in contract); *PaineWebber, Inc. v. Cohen*, 276 F.3d 197 (6th Cir.2001) (addressing *Colorado River* factors where only common issue between state and federal proceedings was whether to enforce arbitration provision of contract and where motion to compel arbitration had not yet been raised in state proceeding).

Int'l Asset Mgmt., Inc. v. Holt, 487 F. Supp. 2d 1274, 1283-84 (N.D. Okla. 2007) (distinguishing R.J. Griffin & Company v. Beach Club II Homeowners Association, Inc., 3 Fed. Appx 43 (4th Cir. 2001) because "in that case, it was not clear that the arbitrability issue had been raised in the state proceeding." Id. at n.9).

### VII.   The Court should transfer the Petition to the Northern District of California.

DAI is wrong that the franchise agreement "unambiguously required arbitration in Connecticut…" Opp. 22. The Franchise Agreement, expressly states "<u>nothing in this Agreement is intended to disclaim or waive any representations made to you in the Disclosure Document.</u>" Agreement ¶ 13, Petition Ex. L. emphasis added. The 2012 FDD in turn advised the Tripathis that arbitration was subject to state law and expressly called out California franchise law. Piselli Dec. Ex 3. 97, Dkt. 26-5, p.40 of 73. Thus, DAI's reliance on ¶ 10f. of the AA, Opp. 32, would amount to a waiver of the FDD representation and is therefore untenable. The same is true for each of the form "disclaimers" that DAI prepared and had the Tripathis sign. Under the franchise agreement, nothing in those disclaimers can trump the representations in the FDD.   As a consequence, transferring this matter to the Northern District of California for a determination on the enforceability of the arbitration scheme (as the district court did in Colorall Techs. Int'l, Inc. v. Plait, No. 05-60401 CIV COHN, 2005 WL 4655380 (S.D. Fla. July 15, 2005)), would do no violence to the parties' actual agreement.

### VIII.   Conclusion.

DAI complains mightily that the Tripathis have benefitted for 15 years from their franchises and now "improper[ly] attempt to evade obligations" to arbitrate. Opp, 40. That is not entirely true. First, while the Tripathis have benefited from franchise ownership, the benefits did not come without cost -- the Tripathis have invested significant time and money in their franchises. Tripathi Dec., ¶¶ 6, 7. DAI has also benefitted in that the Tripathis have paid it substantial royalties and other fees over the years. But now that the development agents (Patel and Letap) and DAI have embarked on a scheme to steal their franchises, the Tripathis will not idly stand by to lose all they have worked for.

More to the point, the impact of DAI's adhesion arbitration scheme was not understood or appreciated by the Tripathis until they Tripathis sought specific legal advice in response to the termination scheme. This is not unusual because the fine print of adhesion contracts is not examined until a specific need or dispute arises and, when it is examined, often leads to surprise on the part of the adhering party. Tripathi Dec., ¶¶ 6, 21; Bridge Fund Capital Corp. v. Fastbucks Franchise Corp., No. 2:08CV00767-MCE-EFB, 2008 WL 3876341, at *7 (E.D. Cal. Aug. 20, 2008), aff'd and remanded, 622 F.3d 996 (9th Cir. 2010) ("Plaintiffs adequately show surprise through their allegations of a prolix agreement drafted by Defendants."). "Indeed, as noted in section 211 of the Restatement Second of Contracts, parties who make regular use of standardized forms of agreement ordinarily do not even expect their customers to understand or even to read the standard terms.... [b]ut they understand that they are assenting to the terms not read or not understood, subject to such limitations as the law may impose." Ellena v. Dep't of Ins., 230 Cal. App. 4th 198, 213, 178 Cal. Rptr. 3d 435, 446 (2014), emphasis added. This latter phrase is key here because California statutes barring unconscionable contracts and exculpatory provisions provide such substantive limitations.

Here, it is alleged that California citizens Patel and Letap intentionally harmed the Tripathis, who are also California citizens. DAI cannot dispute that its arbitration clause exculpates Patel and Letap from liability and is generally not intended to provide a substitute for litigation. But a fundamental component of the Supreme Court's arbitration jurisprudence is that:

"[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." Mitsubishi, 473 U.S. at 628. Thus, if a contract term in an arbitration agreement "operate[s] ... as a prospective waiver of a party's right to pursue statutory remedies for [substantive rights], we would have little hesitation in condemning the agreement." Id. at 637 n.19.  Because what the FAA prefers to litigation is arbitration, not de facto immunity or backdoor waivers of legal rights, the Court should condemn the arbitration agreement at issue here.

For the reasons set forth in their initial and reply papers, the Tripathis request the Court to deny DAI's Petition and grant their Motion to Dismiss, Abstain, and/or Transfer. Respectfully submitted,

DATED:  September 1, 2016.                        By: _____

    Of Counsel:  
    Robert S. Boulter  
    rsb@boulter-law.com  
    1101 Fifth Avenue, Suite 235  
    San Rafael, California 94901-1828  
    P. (415) 233-7100  
    F. (415) 233-7101  
    California Counsel For Defendants  

Allan P. Hillman  
Kern & Hillman, LLC  
2911 Dixwell Avenue  
Suite 203  
Hamden, CT 06518  
Bar # CT 27489  
P. (203) 782-9076  
F. (203) 782-9081  
allan@franchiselawsource.com  
Attorneys for Defendants

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 5(c), I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of Court and served upon all counsel in accordance with the Electronic Filing Policies and Procedures.

_____
Allan P. Hillman