UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOCTOR'S ASSOCIATES INC., | : | |
| | : | CASE NO.:  3:16-cv-00562 (JCH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MANOJ TRIPATHI and | : | |
| SADHANA TRIPATHI, | : | |
| | : | |
| Defendants. | : | OCTOBER 3, 2016 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR PRELIMINARY AND/OR PERMANENT INJUNCTION AND, IF NECESSARY,
<u>AN EMERGENCY EXPEDITED DECISION ON THE PETITION TO COMPEL</u>**

Since it filed the Petition to Compel Arbitration ("Petition"), Plaintiff Doctor's Associates Inc. ("DAI") has had concerns that Defendants (the "Tripathis") would take various actions aimed at preventing this Court from being able to issue an order enforcing DAI's right to arbitrate. DAI did not, however, want to burden this Court with an unnecessary injunction motion when it initially filed its Petition and instead warned the Tripathis that, "if they continue[d] to threaten or pursue any claims or defenses relating to DAI's or its agent's conduct in the California State Court Lawsuit or otherwise except in arbitration, [DAI] reserve[d] its right to ask the Court to enter an injunction restraining their wrongful conduct." Doc. # 1 ¶ 13.

Unfortunately, it has now become clear that the Tripathis are desperate to usurp this Court's decision making authority by filing a motion in the underlying California state court matter (the "California Litigation") seeking an affirmative "order that . . . DAI will never be entitled to a stay of this matter under the California Arbitration Act or the Federal Arbitration Act and that DAI's arbitration clause with the Tripathis is unconscionable and unenforceable."

Plaintiffs' Notice of Motion and Motion to Determine Defendant Doctor's Associates, Inc.'s is Not Entitled to a Motion to Stay Action Under California And Federal Arbitration Acts And to Determine Arbitration Clause Unenforceable *1, *Tripathi v. Doctor's Assocs. Inc.*, No. CIV 1601056 (Cal. Super. Ct. Sept. 28, 2016) (the "California Motion") (attached as Exhibit 1).  The Tripathis also requested an *ex parte* order seeking to have this motion heard on an expedited basis and other relief.  *See* Exhibit 2.  The hearing on the Tripathis' motion is set for November 9, 2016.  DAI therefore now reluctantly files this motion asking the Court to enjoin the Tripathis from prosecuting the California Litigation, including but not limited to pursuing or prosecuting declaratory, injunctive, or other relief that seeks to establish or determine what this Court has been asked to determine – whether the Tripathis must arbitrate their claims in Connecticut.

## I.     Background

DAI filed the Petition on April 8, 2016 seeking to compel arbitration of the claims the Tripathis asserted in the California Litigation.  Doc. #1. On April 12, 2016, the Court issued an order requiring the Tripathis to show cause by May 17, 2016 why DAI's Petition should not be granted.  Doc. #9. Shortly thereafter, the Tripathis filed a combined Opposition to the Petition and Motion to Dismiss. Docs. #16-17.  These matters are now fully briefed and remain pending.

On August 1, 2016, DAI requested a stay, in California, of the California Litigation, and a hearing on that motion was initially scheduled for October 5, 2016.  DAI's primary argument was that California Civil Code §1281.4, which requires California state courts to stay litigation while another court decides a pending petition to compel, mandated a stay until this Court decides DAI's Petition.  The Tripathis argued strenuously against application of this statute asserting, among other things, that the parties' arbitration agreement said the Federal Arbitration Act ("FAA") applied to both substantive and procedural aspects of the parties' dispute.

According to the Tripathis, California procedural statutes relating to arbitration (such as §1281.4) could not apply, even though the statute facilitates having arbitrability decided in a pending petition to compel before the underlying litigation goes forward—a core goal of the FAA. The Tripathis' opposition to the stay in California also rehashed the arguments they have asserted here about why, in their view, the arbitration agreement is unenforceable.

The Tripathis' California submission made clear that they are doing everything in their power to undermine the jurisdiction and authority of this Court by trying to expedite a decision in the California Litigation on the issue of whether they have to arbitrate. After receiving the Tripathis' opposition to the California Motion to Stay and their vehement representations that all facets of the FAA apply and that the California mandatory stay provision could not, DAI chose to withdraw the motion. In response, the Tripathis ran to court two days after withdrawal and filed the California Motion and the request for *ex parte* relief discussed above. A hearing is set on the California Motion for November 9, 2016.

## II.     Injunctive Relief Standard

To obtain a preliminary injunction, a party must establish "(1) a likelihood of irreparable harm in the absence of the injunction and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008).

## III.    The Requested Relief is Warranted Under the Circumstances

As explained in DAI's earlier briefing, DAI is likely to prevail on its argument that the Tripathis must arbitrate the claims they asserted in the California Litigation. *See* Doc. ##1-15, 26. Indeed, the Second Circuit has repeatedly affirmed this district's rejection of claims that the

DAI Franchise Agreement is unenforceable because it is "unconscionable." *See, e.g., Doctor's Assocs., Inc. v. Hamilton,* 150 F.3d 157, 163-64 (2d Cir. 1998); *Doctor's Assocs. Inc. v. Distajo*, 107 F.3d 126, 135 (2d Cir. 1997); *Doctor's Assocs., Inc., v. Jabush*, 89 F.3d 109, 112-113 (2d Cir. 1996); *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 980-81 (2d Cir. 1996).  Moreover, it is well settled that the loss of the right to arbitrate constitutes irreparable harm. *See*, *e.g.*, *Bailey Shipping Ltd. v. Am. Bureau of Shipping*, No. 12 Civ. 5959 (KPF), 2013 WL 5312540, at *16 (S.D.N.Y. Sept. 23, 2013); *Comverse, Inc. v. Am. Telecommunications, Inc.,* No. 06 Civ. 6825 (PKL), 2006 WL 3016315, at *5 (S.D.N.Y. Oct. 23, 2006). Thus, the elements of the preliminary injunction standard are met here.

In *Doctor's Associates Inc. v. Distajo*, 944 F. Supp. 1007 (D. Conn. 1996), another court in this district enjoined state court litigation pending a decision on DAI's petition to compel arbitration under the "necessary in aid of its jurisdiction" provision of the Anti-Injunction Act, 28 U.S.C. § 2283.  As the court explained,

> [o]ne exception to the Anti–Injunction Act permits a federal court to stay state court proceedings when "necessary in aid of its jurisdiction." 28 U.S.C. § 2283 (1994). In *Standard Microsystems Corporation v. Texas Instruments Incorporated,* 916 F.2d 58 (2d Cir.1990), the Second Circuit cited *In re Baldwin–United Corporation,* 770 F.2d 328, 337 (2d Cir.1985), for the proposition that the "necessary in aid of" exception encompasses "circumstances ... where a federal court is on the verge of settling a complex matter, and state court proceedings may undermine its ability to achieve that objective...." 916 F.2d at 60.

944 F. Supp. at 1008 (alterations in original).  Although this Court has not yet granted DAI's Petition, an injunction is still necessary to protect this Court's jurisdiction to decide it. Absent an injunction, the Tripathis will continue to press the California court to usurp this Court's role of deciding whether the Tripathis must arbitrate in Connecticut.

Alternatively, DAI respectfully requests that the Court enter an expedited decision granting the Petition and then simultaneously grant this motion.  Another exception to the Anti-Injunction

4

Act permits a district court to enjoin parallel state court litigation when "necessary . . . to protect or effectuate its judgments," including those compelling arbitration. *See, e.g.*, *Emilio v. Sprint Spectrum, L.P.*, 315 F. App'x 322, 325 (2d Cir. 2009) (explaining that "[b]ecause the district court was issuing an order compelling arbitration and [defendant] was seeking a motion in state court to enjoin [plaintiff] to dismiss his arbitration claims, the district court correctly concluded that an injunction was necessary in order to protect its order"); *Doctor's Assocs. Inc. v. Distajo*, 944 F. Supp. 1010, 1023 (D. Conn. 1996), *aff'd*, 107 F.3d 126 (2d Cir. 1997); *Doctor's Assocs. Inc. v. Hollingsworth*, 949 F. Supp. 77, 86 (D. Conn. 1996), *aff'd*, No. 96-9599 (2d Cir. Feb. 5, 1998); *Doctor's Associates, Inc. v. Agrawal*, No. 3:05CV250 (PCD), 2006 WL 1028908, at *6 (D. Conn. Apr. 13, 2006); *Doctor's Associates, Inc. v. Quinn*, 42 F. Supp. 2d 184, 188 (D. Conn.), *aff'd*, 205 F.3d 1322 (2d Cir. 1999). Relying on *Emilio*, this Court has stayed underlying state court litigation in an analogous matter involving international arbitration. *Ernst & Young Ltd. v. Quinn*, No. 09–cv–1164 (JCH), 2009 WL 3571573 (D. Conn. Oct. 26, 2009).

These decisions are consistent with those of other federal courts, which routinely issue or affirm orders enjoining parties to parallel state proceedings or staying the state proceedings "when the dispute in question has been found by the federal court to be subject to" arbitration under the FAA. *Network Cinema Corp. v. Glassburn*, 357 F. Supp. 169, 172 (S.D.N.Y. 1973); *accord McGuire, Cornwell, & Blakely v. Grider*, 765 F. Supp. 1048, 1052 (D. Colo. 1991); *see also A.L. Williams & Assocs., Inc. v. McMahon*, 697 F. Supp. 488, 495 (N.D. Ga. 1988). The reason is simple: parallel state litigation, if permitted to continue, would "undermine if not moot" this Court's judgments compelling arbitration. *Hollingsworth*, 949 F. Supp. at 86 (internal quotation marks omitted); *see also Nationwide Mut. Ins. Co. v. Universal Fid. Corp.*, C2-01-1271, 2002 WL 31409850, at *5 (S.D. Ohio July 15, 2002) (forcing party to an arbitration clause to defend suit on

5

its merits would "undercut the benefit which [the parties] intended to reap as a result of that agreement as well as the policies underlying the Federal Arbitration Act.").

Finally, there is no need for a bond in these circumstances because the Tripathis are not at risk of any harm, financial or otherwise, if an injunction is entered. *See, e.g.*, *Distajo*, 107 F.3d 126, 135-136 (2d Cir. 1997) (affirming and discussing refusal to require bond in similar circumstances).

## IV. Conclusion

For the foregoing reasons, DAI respectfully requests that the Court grant its request for relief and, if it deems it necessary to do so, that the Court also issue an expedited ruling granting DAI's Petition.

          **PLAINTIFF**
          **DOCTOR'S ASSOCIATES INC.**

By: */s/ Bethany L. Appleby*
      Bethany L. Appleby (ct18418)
      WIGGIN AND DANA LLP
      One Century Tower
      P.O. Box 1832
      New Haven, CT 06508-1832
      (203) 498-4400
      (203) 782-2889 fax
      bappleby@wiggin.com
      rgallagher@wiggin.com

**CERTIFICATION**

  I hereby certify that on October 3, 2016 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

                   */s/ Bethany L. Appleby*
                   Bethany L. Appleby